TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
COURTNEY STRANGE
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
courtney.strange@usdoj.gov
*Attorneys for the United States of America*

FILED
JAN 0 8 2026
US DISTRICT COURT
DISTRICT OF NEVADA

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PARIS FESI,
JOSEPH FESI,
NICOLE JOHNSON,

    Defendants.

Case No. 2:26-MJ- 9 -MDC

**CRIMINAL COMPLAINT**

VIOLATIONS:

Count One: 18 U.S.C. § 1951(a) –
Interference with Commerce by Robbery

Count Two: 18 U.S.C. § 924(c)(1)(A)(ii) –
Brandishing a Firearm During and In
Relation to a Crime of Violence

BEFORE the Honorable Maximiliano D. Couvillier III, United States Magistrate Judge, Las Vegas, Nevada, the undersigned Complainant, being duly sworn, deposes and states:

## COUNT ONE
(Interference with Commerce by Robbery)

On or about January 2, 2026, in the State and Federal District of Nevada, **PARIS FESI, JOSEPH FESI**, and **NICOLE JOHNSON**, defendants herein, aiding and abetting one another, unlawfully obstructed, delayed, and

1

affected, and attempted to obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery as that term is defined in 18 U.S.C. § 1951(b)(1), in that the defendants did unlawfully take and obtain property, that is, shoes and clothing, from the person and in the presence of an employee and agent of Warehouse Shoe Sale (WSS) located at 3085 East Tropicana Avenue, Las Vegas, Nevada, against the will of said employee and agent, and by means of actual and threatened force, violence, and fear of injury to the person of said employee and agent by brandishing a firearm, all in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT TWO

(Brandishing a Firearm During and In Relation to a Crime of Violence)

On or about January 2, 2026, in the State and Federal District of Nevada,

**PARIS FESI,**

defendant herein, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, as charged in Count One of this Complaint, knowingly used, carried, and brandished a firearm, said firearm being brandished, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## PROBABLE CAUSE AFFIDAVIT

1.   I, Colin Harvath, am a Special Agent with the Federal Bureau of Investigation (FBI), I have been employed with the agency since June 2025, and I am currently assigned to the FBI Las Vegas Division Violent Crime and Fugitive Task Force. I am presently assigned to work on investigations and cases involving violent crimes to include, but not limited to, kidnapping, extortion, assault, bank robberies, carjackings, Hobbs Act and

1 firearms offenses.

2. Prior to this assignment, I served as a Special Agent and Police Officer with the United States Capitol Police from August 8, 2022 to June 14, 2025. I was responsible for enforcing federal law, investigating threats against members of congress, and protecting congressional leadership. Based on prior experience, I am trained in conducting criminal investigations, including the investigation of criminal groups and conspiracies as well as the collection of evidence and the identification and use of witnesses.

3. The statements contained in this affidavit are based on an FBI and Las Vegas Metropolitan Police Department (LVMPD) investigation, in which I have been personally involved with. I have not included each and every fact known to me concerning this investigation, rather I have included only those facts I believe are necessary to establish probable cause. The information was derived from reports of information obtained from eyewitnesses to the offenses described herein as well as investigations conducted by law enforcement related to this incident. This affidavit contains information necessary to support probable cause to believe that the criminal offense described herein were committed by the defendants, **PARIS FESI**, **JOSEPH FESI**, and **NICOLE JOHNSON**, and is not intended to include each and every fact and matter observed by me or known to the government. Moreover, to the extent that this affidavit contains statements by witnesses, those statements are set forth only in part and in substance and are intended to accurately convey the information, but not to be verbatim.

//

//

//

///

## FACTS ESTABLISHING PROBABLE CAUSE

### WSS

4. At all times relevant to this complaint, Warehouse Shoe Sale (WSS) is headquartered in Gardena, California, and engaged in interstate commerce. WSS is a retail chain that sells multiple brands of clothing, shoes, and other sports products. WSS has retail stores in multiple states within the United States, to include Arizona, California, Florida, Nevada, and Texas.

### Robbery

5. On January 2, 2026, at approximately 10:00 a.m., the WSS store located at 3085 E. Tropicana Avenue, Las Vegas, Nevada, was robbed by three individuals later identified as **PARIS FESI (Paris)**, **JOSEPH FESI (Joseph)**, and **NICOLE JOHNSON (Nicole)** (defendants). The defendants took multiple boxes of shoes and articles of clothing valued at approximately $400.

6. At the time and date described above, **Paris** and **Nicole** entered WSS while **Joseph** walked in and out of the store eventually positioning himself near the exit of the store. **Paris** and **Nicole** split up while in the store and began grabbing items.

7. The store manager alerted asset protection personnel about a group of individuals potentially stealing. The asset protection employee positioned himself at the front of the store to maintain a visual of the individuals by monitoring the security cameras. The asset protection personnel then locked one of the exit doors to the business after observing **Paris** and **Nicole**'s behavior. **Paris** saw the asset protection employee lock the door and told **Nicole** that they needed to leave. **Paris** and **Nicole** gathered the items they had grabbed and proceeded toward the front of the store where the asset protection employee was posted. As both **Paris** and **Nicole** approached the asset protection employee,

the employee could see **Paris** holding a firearm in his hand.

8. **Paris** continued toward the exit while saying to the asset protection employee something to the effect of "it's not worth losing your life over, just move out of the way." The asset protection employee moved out of the way and watched **Paris** and **Nicole** get into a white sedan and leave the parking lot with the stolen merchandise.

Surveillance Video

9. The incident was captured on the store video surveillance system. **Paris** can be seen wearing a blue t-shirt, dark blue jeans, and dark shoes. **Nicole** was wearing dark green/black checkered shirt, blue ripped jeans, and dark shoes. **Joseph** was wearing a black/white checkered shirt, dark jeans, and dark shoes.

10. Footage shows all three individuals entering the store. **Joseph** is observed entering and exiting the store and eventually staying at the exit of the store, appearing to be acting as a lookout for his co-defendants. **Paris** and **Nicole** are observed selecting shoes and items.

11. Surveillance video also captured **Paris** brandishing a black firearm from his waistband and holding it to the right side of his body. **Paris** and **Nicole** are observed exiting the store with multiple boxes of shoes, clothing, and then meeting up with **Joseph**, prior to entering a white Toyota Sedan. Neither **Paris** nor **Nicole** paid for the merchandise they took out of the store. After entering the vehicle, all three individuals left the area.

Identification of Defendants

12. Still photos were taken from the surveillance video and submitted to the LVMPD Technical Operations Fusion Watch Unit to run facial recognition. Booking photos for **Paris** Fesi from April 2, 2025, and April 9, 2025, showed similar build, facial

hair, physical appearance, and placement of tattoos for **Paris**. A booking photo for **Nicole** Johnson from June 13, 2024, and body worn camera footage from a police interaction on September 17, 2025, involving **Nicole** Johnson, showed similar facial features for **Nicole**. A booking photo of **Joseph** Fesi from December 8, 2021, showed similar facial features for **Joseph**.

Arrest

13. Investigative leads also yielded associates with **Paris**, including his father who had a white sedan registered to him. LVMPD conducted checks through their license plate reader system for the 2025 Toyota Camry bearing Nevada license plate 779M96, which showed that the Camry frequented the address 5263 Caspian Springs Drive, Las Vegas, Nevada, which is behind the shopping center where the robbery occurred.

14. LVMPD reviewed surveillance video for the complex at that address and saw a white sedan matching the description of the Camry enter the complex at approximately 10:07 a.m. The driver appeared to match **Paris'** description, including that the driver was wearing a blue t-shirt similar to the shirt **Paris** was wearing in the WSS surveillance video. The complex management confirmed that **Paris'** father was a resident of a unit at 5265 Caspian Springs Drive. Additionally, pursuant to an administrative subpoena to NV Energy on January 2, 2026, **Paris'** father is currently the account holder for power at that same unit at 5265 Caspian Springs Drive.

15. On January 6, 2026, the FBI Las Vegas Criminal Apprehension Team (CAT) conducted surveillance at 5265 Caspian Springs Drive, Las Vegas, NV. While there, the white Toyota Camry bearing license plate 779M96 was observed parked in the vicinity of 5265 Caspian Springs Drive. A member of the CAT team knocked on the door of the unit

and Paris walked out onto the balcony and had a conversation with the detective. The detective then walked away. The CAT team subsequently identified themselves from the perimeter of the residence and proceeded to conduct a surround and call space out to the unit.

16. **Nicole** exited the apartment and was immediately placed under arrest for probable cause of armed robbery. Shortly after, **Joseph** arrived at the apartment and was placed under arrest by local authorities.

17. **Paris** barricaded himself inside the residence and refused to exit. LVMPD Special Weapons and Tactics Team (SWAT) and Crisis Negotiation Team (CNT) responded to the residence. After several attempts using specialized law enforcement techniques, including being in telephonic contact with **Paris**, he exited the residence at approximately 6:59 p.m. after refusing to leave for an extended period of time.

Search of Residence and Vehicle

18. On January 6, 2026, LVMPD obtained a telephonic State of Nevada, Clark County Search Warrant, which authorized the search of the white Toyota Camry bearing Nevada state license plate 779M96, and the residence of the unit at 5265 Caspian Springs Drive.

19. During the search of the vehicle and the home, multiple boxes of shoes were seized. The boxes found matched those seen on surveillance being taken during the robbery. Additionally, investigators looked in the attic and saw that the insulation appeared to have been disturbed as if there were footprints. After looking in the attic, investigators found a 9mm Century Arms pistol bearing S/N T6472-25 BC 04837 hidden under the insulation. The firearm found in the attic of the residence matches the appearance of the firearm **Paris** is seen brandishing in the WSS surveillance footage.

## CONCLUSION

20. Based upon the information set forth in this affidavit, I respectfully submit that there is probable cause to believe that **PARIS FESI**, **JOSEPH FESI,** and **NICOLE JOHNSON** violated 18 U.S.C. § 1951(a), Interference with Commerce by Robbery, and that **PARIS FESI** violated 18 U.S.C. § 924(c)(1)(A)(ii), Brandishing a Firearm During and In Relation to a Crime of Violence.

Respectfully Submitted,

_____
Special Agent Colin Harvath
Federal Bureau of Investigation

Sworn and subscribed before me on January 8, 2026.

_____
HON. MAXIMILIANO D. COUVILLIER, III
UNITED STATES MAGISTRATE JUDGE

8